**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| JOSHUA KILINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| PERFORMANT RECOVERY, INC., | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, JOSHUA KILINSKI ("Plaintiff"), through his attorneys, The J.T. Hawkins Law Firm, LLC, alleges the following against Defendant, PERFORMANT RECOVERY, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the South Carolina Consumer Protection Code, S.C. Code Ann. §37-5-101 et seq ("SCCPC").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Simpsonville, Greenville County, South Carolina.

7. Plaintiff is a consumer as that term is defined by the FDCPA and the SCCPC.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the SCCPC.

9. Defendant is a debt collector as that term is defined by the FDCPA and the SCCPC.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency headquartered in Livermore, Alameda County, California.

12. Defendant is a business entity engaged in the collection of debt within the State of South Carolina.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff, originating from a $9,000 federal student loan.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. In or around December 2013, Defendant contacted Plaintiff's former employer in an attempt to locate Plaintiff.

20. On December 6, 2013, Plaintiff called Defendant and spoke with one of Defendant's collector's, Zach Albany.

21. During the aforementioned conversation, Plaintiff disputed the debt and asked for written validation of the debt.

22. As of the December 6, 2013, Plaintiff had not received anything in writing from Defendant.

23. During the December 6 conversation, Mr. Albany demanded payment from Plaintiff and threatened Plaintiff with wage garnishment if Plaintiff did not pay the alleged debt.

24. On December 10, 2013, Plaintiff called Defendant and again spoke with Mr. Albany.

25. During the aforementioned conversation, Plaintiff disputed the debt again.

26. Despite this dispute, Mr. Albany demanded payment from Plaintiff and again threatened Plaintiff with wage garnishment if Plaintiff did not pay the alleged debt.

27. Out of fear of his wages being garnished, Plaintiff told that Mr. Albany that he could only pay $45/month toward the alleged debt.

28. Mr. Albany then transferred Plaintiff to one of Defendant's managers, Melissa Smith.

29. Ms. Smith demanded payment from Plaintiff and threatened Plaintiff with wage

garnishment if he did the pay the alleged debt.

30. Defendant has no standing to garnish Plaintiff's wages.

31. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that they pursue legal action.

32. The representations made to Plaintiff by Mr. Albany and Ms. Smith regarding garnishing Plaintiff's wages were false.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    c. Defendant violated §1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of any property or wages of any person; and

    d. Defendant violated §1692e(5) of the FDCPA by threating to take any action that cannot legally be taken or that is not intended to be taken.

34. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

35. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JOSHUA KILINSKI, respectfully requests judgment be entered against Defendant, PERFORMANT RECOVERY, INC., for the following:

36. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

37. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## SOUTH CAROLINA CONSUMER PROTECTION CODE

39. Plaintiff repeats and re-alleges paragraphs 1-23 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Defendant violated the SCCPC based on the following:

    a. Defendant violated the §37-5-108(5)(c) of the SCCPC by using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction; and

    b. Defendant violated the §37-5-108(5)(c)(iv) of the SCCPC by claiming that nonpayment of any debt will result in garnishment.

WHEREFORE, Plaintiff, JOSHUA KILINSKI, respectfully requests judgment be entered against Defendant, PERFORMANT RECOVERY, INC., for the following:

41. Statutory damages pursuant to the South Carolina Consumer Protection Code, S.C. Code Ann. §37-5-101 et seq;

42. Costs and reasonable attorneys' fees pursuant to the South Carolina Consumer Protection Code, S.C. Code Ann. §37-5-101 et seq;

43. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to the South Carolina Consumer Protection Code, S.C. Code Ann. §37-5-101 et seq; and

44. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 22, 2014

By: /s/ Joshua T. Hawkins
    Joshua T. Hawkins
    The J.T. Hawkins Law Firm, LLC
    1225 South Church Street
    Greenville, South Carolina 29604
    Tel: 864-421-0036
    Fax: 864-421-9060
    josh@mbllc.com
    Attorney for Plaintiff